**UNITED STATES of America,**

v.

**Everett D. EDWARDS.**

**No. 89–264–CR–T–22C.**

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 21, 1992.

William K. Watanabe, U.S. Atty., for U.S.

Richard Weldon, Brandon, Fla., for Everett D. Edwards.

## ORDER

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of defendant's Second Ex Parte Motion For Issuance Of Subpoena Duces Tecum filed on January 15, 1992. (Dkt. 65) Defendant seeks production of the pretrial services report and the testimony of the custodian of records for pretrial services pursuant to Rule 17(b), Fed.R.Crim.P. Defendant states that pretrial services records which

reflect the presence of cocaine in his body at or about the time of his arrest would support his defense that the cocaine in his possession was for personal consumption and not distribution.

Rule 17(b) provides that the Court may order a subpoena issued upon a satisfactory showing that the presence of the witness is necessary to an adequate defense. Rule 17(b), Fed.R.Crim.P. The subpoena may also command the person to whom it is directed to produce documents or tangible objects. Rule 17(c), Fed.R.Crim.P.

Section 3153 of Title 18 of the United States Code provides that "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1). Section 3153 states this confidential information "is not admissible on the issue of guilt in a criminal judicial proceeding unless such proceeding is a prosecution for a crime committed in the course of obtaining pretrial release or a prosecution for failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided." 18 U.S.C. § 3153(c)(3). Neither of the exceptions noted in the statute are present in this case which involves a prosecution for possession with intent to distribute cocaine.

Obviously, the Government would be precluded from using results of drug tests by pretrial services to establish the defendant's guilt in a drug case. No case has been cited or found where the defendant sought to introduce at trial information in a pretrial services report. Arguably, such evidence would be inadmissible under Section 3153, even when offered by defendant, because it goes to "the issue of guilt." However, the confidentiality requirement regarding pretrial services information is for the protection of the defendant.

In *United States v. Stevens*, 935 F.2d 1380 (3rd Cir.1991), the court examined the legislative history of the statute regarding the purpose of protecting information obtained by pretrial services:

This carries out the purpose of protecting the relationship between the pretrial services officer and this particular defendant. Defendants may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers. (citations omitted)

*Id.* at 1394. *See also United States v. Hammond*, 666 F.2d 435, 438 (9th Cir.1982) (noting that Congress included the requirement of confidentiality of information obtained by pretrial services and that the information be inadmissible on the issue of guilt in any judicial proceedings because the pretrial services officers were to interview defendants prior to trial.)

Some courts have even held that the government can use pretrial services interview statements to impeach a defendant at trial, even though the statements are not admissible on the issue of guilt. *See Stevens*, 935 F.2d at 1395; *United States v. Wilson*, 930 F.2d 616, 619 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991); *but see United States v. McLaughlin*, 777 F.2d 388, 392 (8th Cir. 1985) (expressing concerns about the government's use of information obtained during pretrial services interview for impeachment purposes, although that issue was not raised by defendant on appeal). Moreover, section 3153(c)(2)(C) requires disclosure of the information to defendant's probation officer, who then utilizes the information in connection with the presentence report to the district court. *See Stevens*, 935 F.2d at 1396.

Defendant has made an adequate showing that the information sought, if admitted at trial, is necessary for an adequate defense and that a subpoena duces tecum should be issued regarding pretrial services information which reflects the results of any drug testing for use of cocaine which was done on defendant at the time of his arrest. The showing made by defendant also satisfies the specificity requirement for obtaining pretrial services records pursuant to Local Rule 4.19, M.D.Fla. However, defendant has not made an adequate showing that any other pretrial services information is necessary to his defense.

Issuance of a trial subpoena duces tecum for this information, where requested by defendant, does no disservice to 18 U.S.C. § 3153 and may be required to safeguard the defendant's constitutional rights. However, the issue of admissibility of any such evidence at trial is for the District Judge. Nothing in this order shall be construed as a ruling on admissibility.

It is, therefore, ORDERED:

(1) that Defendant's Second Ex Parte Motion For Issuance Of Subpoena Duces Tecum (Dkt. 65) is GRANTED to the extent that the Clerk of Court shall issue a subpoena duces tecum to the following witness to appear at trial and produce that portion of the pretrial services report and any other records which reflect the results of any drug testing for cocaine which was done at the time of defendant's arrest:

Custodian of Records
Pretrial Services Agency
500 Zack Street, Room 113
Tampa, FL 33602

The motion is otherwise DENIED.

DONE and ORDERED.