468

UNITED STATES of America, Plaintiff,

v.

Jose REYES, et al., Defendants.

No. 94 CR 872 (SAS).

United States District Court,
S.D. New York.

July 11, 1995.

Bruce G. Ohr, Thomas Clarke, Asst. U.S. Atty., New York City, for plaintiff U.S.

Don B. Buchwald, Buchwald & Kaufman, New York City, and Diarmuid White, New York City, for defendant Jose Reyes.

Brian Barrett, New York City, for defendant Thomas Rodriguez.

## MEMORANDUM OPINION

SCHEINDLIN, District Judge.

Defendant Jose Reyes ("Reyes") moves to bar the Government from applying for subpoenas *duces tecum* returnable prior to trial on an *ex parte* basis. For the reasons set forth below, Reyes' motion is denied.

## DISCUSSION

A grand jury in the Southern District of New York originally indicted Reyes on November 16, 1994. The grand jury issued a superseding indictment against Reyes on December 19, 1994 and a second superseding indictment on January 25, 1995. This latter thirty-two count indictment charges defendants with narcotics trafficking, murder, assault, and other acts of violence in furtherance of a criminal enterprise. A trial date has not been set, but pretrial motions have been filed. At a pretrial conference on March 24, 1995, the Government stated that it planned to apply *ex parte* for subpoenas *duces tecum* with pretrial return dates.

### 1. Structure of Fed.R.Crim.P. 17

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them. Under Rule 17(a), any party who is able to pay the fees and mileage of a subpoenaed witness may cause a subpoena to be issued by the Clerk of the Court as a matter of course and without any judicial intervention. A party simply obtains a blank subpoena from the Clerk, fills in the name of the subpoenaed witness, and specifies the time and place at which the witness must attend and give testimony. Fed.R.Crim.P. 17(a). Similarly, Rule 17(b) describes the procedure for defendants unable to pay the requisite witness fees: upon an *ex parte* application by the defendant, a court may issue a subpoena "upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense." Fed.R.Crim.P. 17(b). Although prior judicial authorization is required, the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial. *See United States v. Florack*, 838 F.Supp. 77, 78 (W.D.N.Y.1993); 2 C. Wright, Federal Practice and Procedure, § 272 (2d Ed.1982 & Supp.1995).

Rule 17(c) governs the issuance of subpoenas *duces tecum* and enables either party to obtain documents or other physical evidence. Rule 17(c) provides:

> **For Production of Documentary Evidence and of Objects.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The Court may direct that the books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

The first sentence of Rule 17(c) implies that a subpoena *duces tecum* is simply a type of subpoena that can be issued under Rule 17(a) or Rule 17(b). In particular, the use of the word "also" suggests that a subpoena returnable at trial may require that a witness attend and give testimony and/or produce specified books, records, and documents at trial. *See Florack*, 838 F.Supp. at 79; 2 Wright, Federal Practice and Procedure, § 274 at 150. While Rule 17(c) does not discuss the procedure for obtaining a subpoena *duces tecum*, the language of the rule indicates that an application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule 17(a) and 17(b) dealing with the issuance of trial subpoenas. *See* 2 Wright, Federal Practice and Procedure, § 274 at 150 (noting that the first sentence of Rule 17(c) clearly indicates that the general provisions of Rule 17 apply to a subpoena *duces tecum* returnable at trial on such matters as form and issuance, defendants' inability to pay, and service of the subpoena).[1]

■ Unlike a trial subpoena *ad testificandum* issued under Rule 17(a) or 17(b), however, a subpoena *duces tecum* may also be made returnable **before** trial. The third sentence of Rule 17(c) provides in part that "[t]he Court may direct that the books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence." *See also United States v. Nixon*, 418 U.S. 683, 698–99, 94 S.Ct. 3090, 3102–03, 41 L.Ed.2d 1039 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct.

---

1. Official Form 21 (Subpoena to Produce Document or Object) in the Federal Rules provides support for the proposition that the general provisions of Rule 17 apply to subpoenas *duces tecum*. Form 21 commands a subpoenaed party to appear at a place and time to be specified by the party filling out the subpoena to "testify in the case of *United States v. John Doe* and bring with you _____." 2 Wright, Federal Practice and Procedure, § 274 at 150 n. 3.

675, 95 L.Ed. 879 (1951)) ("Its [Rule 17(c)] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."). In *Nixon*, the Supreme Court held that a party seeking the pretrial production of documents must demonstrate that the materials sought are i) relevant; ii) admissible; and iii) specifically identified. *Nixon*, 418 U.S. at 700, 94 S.Ct. at 3103; *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y.1995). However, *Nixon* did not address the proper procedure to be used to obtain a subpoena *duces tecum* with a pretrial return date. Rules 17(a) and 17(b), which govern the issuance of subpoenas returnable **at trial,** also do not provide guidance as to the proper procedure for obtaining a pretrial subpoena *duces tecum.*

### ii. *Ex Parte Applications*

Although the Government's attorney states in his letter-brief that the U.S. Attorney's Office in the Southern District of New York has generally sought Rule 17(c) subpoenas on an *ex parte* basis, *see* Letter–Brief of Government in Opposition to Defendant's Motion, April 26, 1995, at p. 6 n. 8, few cases have addressed the proper procedure for obtaining a subpoena *duces tecum* returnable before trial. *See, e.g., United States v. Urlacher*, 136 F.R.D. 550, 555–558 (W.D.N.Y. 1991) (holding that defendant was not entitled to make an *ex parte* application for a subpoena *duces tecum*), *aff'd on other grounds,* 979 F.2d 935 (2d Cir.1992); *United States v. Hart*, 826 F.Supp. 380, 381–82 (D.Colo.1993) (same); *Florack*, 838 F.Supp. at 80 (casting doubt on the holding of *Urlacher* ) *cf. United States v. Hiss*, 9 F.R.D. 515 (S.D.N.Y.1949) (disapproving defendant's *ex parte* application for a subpoena *duces tecum* on prematurity grounds).

In the most extended discussion of the issue, Magistrate Judge Fisher of the Western District of New York held that Rule 17(c), which allows a court to permit both parties to inspect any subpoenaed material prior to trial, "suggests, if not compels that litigation ... concerning issuance of and

compliance with subpoenas *duces tecum* be conducted upon notice, and not in secret." *Urlacher*, 136 F.R.D. at 556; *see also Hart*, 826 F.Supp. at 381 (relying on *Urlacher* to reach the same conclusion). Because a court may direct that the subpoenaed material be produced to the adverse party, the *Urlacher* court reasoned that an application for a pretrial subpoena *duces tecum* cannot be made *ex parte. See Urlacher*, 136 F.R.D. at 555–56. The court held that the *ex parte* nature of the proceeding will vanish once such production is ordered. *Id.* This argument is not convincing. The fact that a court "may" order subpoenaed materials produced prior to trial does not mean that an *ex parte* application is necessarily superfluous; indeed, the *ex parte* nature of the procedure will not vanish if the court exercises its discretion not to order production.[2] *See Florack*, 838 F.Supp. at 80.

■ There are strong policy reasons in favor of an *ex parte* procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the *Nixon* standards of specificity, relevance, and admissibility. If a full adversary hearing was required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena. In this vein, the Court is mindful that it is often **defendants** who seek a subpoena *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government. *See, e.g., Florack*, 838 F.Supp. at 77; *Hiss*, 9 F.R.D. at 515; *Hart*, 826 F.Supp. at 380; *United States v. Edwards*, 142 F.R.D. 177 (M.D.Fla.1992).

Furthermore, a defendant may lack standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed material. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir.1975) (absent claim of priv-

---

**2.** In *Urlacher,* the defendant had requested in his *ex parte* application that both sides be permitted to inspect the subpoenaed material. *Id.* at 556.

Under those circumstances, it would make no sense to have an *ex parte* proceeding.

ilege, party usually has no standing to object to subpoena directed at non-party); *In re Grand Jury Subpoena Duces Tecum, May 9, 1990,* 741 F.Supp. 1059, 1060 n. 1 (S.D.N.Y. 1990) (same), *aff'd,* 956 F.2d 1160 (2d Cir. 1992); *Ponsford v. United States,* 771 F.2d 1305, 1308 (9th Cir.1985) (absent proprietary interest in documents sought, no standing to quash). If *ex parte* applications were prohibited, the adverse party would be able to challenge subpoenas issued to third parties without any claim of privilege or proprietary interest in the requested material. For each of the reasons discussed above, the Government may apply *ex parte* for subpoenas *duces tecum* made returnable before trial.

### iii. *Reyes' Other Concerns*

 Reyes' concern that an *ex parte* procedure will cause subpoenas *duces tecum* to be issued without a prior showing of relevance, admissibility, and specificity is unfounded. First, on an *ex parte* application the Government must still demonstrate to the court that the subpoena meets the *Nixon* standards. Second, Rule 17(c) provides an alternative procedure for judicial supervision of a pretrial subpoena: "the court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." Thus, a subpoenaed party or one whose legitimate interests are affected by a subpoena may move to quash the subpoena after it issues, and a court may then review the subpoena and apply the *Nixon* standards to insure that the subpoena is not being used as an additional discovery device. *See Bowman,* 341 U.S. at 220, 71 S.Ct. at 679.

Finally, Reyes' request that the subpoenaed materials be deposited with the Court so that it can inspect the materials for relevance, admissibility, and specificity, and so that Defendants may also inspect them, is premature. Under Rule 17(c), the Court exercises its discretion on a case-by-case basis to determine whether subpoenaed material should be deposited with the Court and whether this material should be disclosed to the adverse party. Reyes' request, therefore, is denied.[3]

### CONCLUSION

For the reasons set forth above, the Government may make an *ex parte* motion if it seeks to issue a subpoena *duces tecum* with a pretrial return date. In accordance with Rule 17(c), the Court will consider, after an appropriate motion is made, whether or not to order that the materials be deposited with the Court for inspection by the parties and their attorneys.

SO ORDERED.

---

**3.** It is not too early in the case, as Reyes suggests, for the use of Rule 17(c) subpoenas. Although no trial date has been set, the parties have filed pretrial motions. Moreover, the Government correctly argues that the proper use of pretrial subpoenas may expedite trial and encourage potential dispositions by providing for pretrial inspection of subpoenaed material. *See Nixon,* 418 U.S. at 698–99, 94 S.Ct. at 3102–03.