DECISION
Before the court is the State's Motion for Documents, Transcripts, Records, Correspondence and Other Materials filed during the pretrial hearing on the defendants' Motion for Sanctions. The State has requested that they be provided with copies of documents in the possession of the defendants, which were obtained through the issuance of court-ordered subpoenaeduces tecum pursuant to R.Cr.P. 17(c), said issuance being authorized on April 30, 1996, at the request of Richard Egbert, counsel for defendant Edward D. DiPrete. The State alleges that the ex parte issuance of the subpoenae, as well as the contact between the court and defense counsel relative to the subpoenae, were improper.
There is no reported Rhode Island case discussing the procedure to be used in issuing a pretrial subpoena duces tecum
pursuant to Rule 17(c).
The Rule itself provides:
 "(c) For Production of Documentary Evidence and of Objects. A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."
R.Cr.P. 17(c).
Although there is no Rhode Island Supreme Court opinion addressing the requirements of the rule, the court has always construed its language to allow ex parte applications for subpoenae pursuant to its terms. Since Rhode Island's Rule 17 is identical to Rule 17 of the Federal Rules of Criminal Procedure, federal cases are therefore helpful in instructing this court on the rule's application. Acknowledging that there exists a split of authority at the federal level, the court is of the opinion that the better practice under 17(c) is to allow requests for pretrial subpoenae duces tecum to be made ex parte, as has been this court's practice. This is especially true in the context of criminal cases where it is vital for defense counsel not to reveal their potential trial strategy.
The court's approach to issuance of 17(c) subpoenae is embraced by the decisions in U.S. v. Reyes, 162 F.R.D. 468 (S.D.N.Y. 1993); U.S. v. Jenkins, 895 F. Supp. 1389 (D.Hawaii 1995); and U.S. v. Florack, 838 F. Supp. 77 (W.D.N.Y. 1993), and the court finds the reasoning of the Reyes case to be compelling. In that case, the court noted the "strong policy reasons in favor of an ex parte procedure." Reyes, 162 F.R.D. at 470. If a full adversary hearing were required prior to the issuance of a subpoena, the party seeking the subpoena may be forced to reveal its trial strategy, witness list, or other information to the opposing side, even if the court then denied the application. Furthermore, such an application procedure would allow the opposing party to challenge subpoenae issued to third parties without stating a claim of privilege or proprietary interest in the material requested. Reyes, 162 F.R.D. at 471.
In U.S. v. Jenkins, 895 F. Supp. 1389 (D.Hawaii 1993), the court noted that the language of the rule itself supports the allowance of ex parte applications. Rule 17(c) provides certain procedures a trial court may follow to protect against the use of subpoenae duces tecum for "fishing expeditions." A trial court may deny the initial application if it is determined to be for an impermissible discovery purpose. Likewise, once a subpoena is issued, the court may order the documents produced before the court for its own in camera review or "may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys." R.Cr.P. 17(c). (Emphasis added.) This language clearly implies that a degree of secrecy is expected until the court reaches a final decision on production of the materials. Jenkins, 895 F. Supp. at 1397.
The State heavily relies on U.S. v. Urlacher, 136 F.R.D. 550 (W.D.N.Y. 1991), for their contention that an ex parte
application under 17(c) is improper. It is interesting to note that the Urlacher case, decided by the Federal District Court for the Western District of New York, was specifically rejected by the Reyes case, decided by the Federal District Court for the Southern District of New York just four years later. Viewed in this light and considering that Urlacher was also specifically repudiated in the Jenkins case, the State's authority hardly seems persuasive.
The State contends that the contact between the court and defense counsel regarding the issuance of the subpoenae in this case was prohibited by Canon 3(B)8 of the Code of Judicial Conduct. That provision generally prohibits ex parte contact, subject to certain exceptions. Canon 3(B)8(e) is such an exception and clearly allows ex parte contact where so authorized by law. The Code's definition of "law" includes court rules as well as statutes and decisional law. Because it is the court's opinion that a fair reading of Rule 17(c) allows ex parte
application and issuance of pretrial subpoenae duces tecum, as supported by the Jenkins case, there can be no ethical violation for doing so. The court's conduct in this regard is therefore within the requirements of the Code of Judicial Conduct.
Parenthetically, on the issue of ex parte communications, early in the process because of the distance between the offices of counsel, they agreed to allow ex parte communications between opposing counsel and the court on nonsubstantive matters. During the process both the State and defense counsel availed themselves of the arrangement. At no time during any of those uncalendared contacts, most of which were telephonic, were anything but procedural matters discussed; consequently, no record, stenographic or otherwise, was kept. Most, if not all of those times, counsel, although not required, informed the court that opposing counsel had been or would be informed of the contact.
Although the State seeks the documents produced as a result of the subpoenae in question, the court is of the opinion that they have no relevance or significance in the present hearing. The hearing concerns itself with defendants' allegations of prosecutorial misconduct for failure to comply with a stipulation, the law, and specifically, certain court orders issued in 1995. The nature and content of documents subpoenaed from third parties in May of 1996 can have no bearing on whether documents and information gleaned from them are the same or similar to those which were not produced by the State, although required to do so. The State's insistence that they may in some way be relevant to the present issue is erroneous, because whether the defendants have, through their own efforts, obtained requested information and/or documents does not exonerate the State for noncompliance and from having to answer for such noncompliance.
This court hereby adopts the reasoning of U.S. v. Reyes,supra, finding it to be a more sensible approach to the issuance of pretrial subpoenae duces tecum under Rule 17(c). Furthermore, allowing ex parte applications is more consistent with both the spirit of the rule and a fair reading of its text.
For the foregoing reasons, the State's motion is denied; however, the court reserves the right, upon subpoenaed documents being offered in evidence, to permit them to be inspected by the State pursuant to Rule 17(c).