**UNITED STATES of America, Plaintiff,**

v.

**Isaac K.A. THOMPSON, Defendant.**

**CASE NO. 15–80012–CR–ZLOCH**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Signed October 7, 2015

---

Marc Osborne, United States Attorney's Office, West Palm Beach, FL, for Plaintiff.

Robert N. Nicholson, Nicholson & Eastin, LLP, Fort Lauderdale, FL, for Defendant.

## *ORDER*

PATRICK M. HUNT, UNITED STATES MAGISTRATE JUDGE

This matter is before this Court on nonparty Humana Inc.'s Motion to Unseal Defendant's Ex Parte Motion Requesting a Rule 17 Subpoena for Documents and Testimony, and Motion to Quash the Rule 17 Subpoena of Defendant, which were contemporaneously filed September 10, 2015. ECF No. 48. On September 11, 2015, the Honorable William J. Zloch referred said Motions to the undersigned for disposition. ECF No. 49; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motions, the Response, the Reply, the entire case file, and applicable law, having heard arguments by counsel in a hearing on the matter that took place October 1, 2015, and being otherwise fully advised in the premises,

it is hereby ORDERED AND ADJUDGED that Humana's Motion to Unseal Defendant's Ex Parte Motion Requesting a Rule 17 Subpoena for Documents and Testimony is DENIED and that Humana's Motion to Quash the Rule 17 Subpoena of Defendant is DENIED.

## BACKGROUND

Defendant has been charged by superseding indictment with multiple counts of health care fraud in violation of 18 U.S.C. § 1347. ECF No. 34. The superseding indictment alleges in pertinent part that Defendant, through his involvement in various medical provider facilities, engaged in a scheme to defraud by:

(a) causing [the facilities] to report to Humana false and fraudulent diagnoses of Medicare beneficiaries enrolled in a Humana Medicare Advantage plan, thereby increasing the capitated payments that Medicare made to Humana and that Humana in turn made to [the facilities], (b) concealing the submission of the false and fraudulent diagnoses, and (c) diverting fraud proceeds for the personal use and benefit of the defendant and others.

ECF No. 34 at 6.

On June 04, 2015, Defendant filed an Unopposed Motion for Leave to File Ex Parte Application for Issuance of Rule 17(c) Subpoenas, ECF No. 26, which was granted July 21, 2015, ECF No. 28. On July 24, 2015, Defendant filed a Sealed Ex Parte Motion to Authorize Issuance of a Rule 17(c) Trial Subpoena, which was granted in a sealed order. ECF Nos. 29–30.

On August 24, 2015, Defendant served Humana with a Rule 17 subpoena. ECF No. 48–1. The subpoena required Humana to produce various documents on September 11, 2015, ten days prior to the previously scheduled trial date of September 21, 2015. ECF No. 48–1. Following the denial of Humana's motion for an extension of time to comply with the subpoena, ECF No. 47, Humana filed the instant Motions, which seek to unseal Defendant's ex parte motion requesting the subpoena and to quash the subpoena itself, ECF No. 48. The trial has since been continued and is currently set to begin on March 21, 2016. ECF No. 54.

## ANALYSIS

■ Humana first argues that this Court should unseal Defendant's ex parte motion requesting a Rule 17 subpoena because Humana is entitled to know the stated basis for the Rule 17 subpoena "so that [Humana] can adequately respond" to and "assess the validity of the subpoena." ECF No. 58 at 1–2. This Court finds that it is unnecessary and unwarranted to unseal Defendant's ex parte motion for the purpose stated by Humana.

■ In order to be entitled to a Rule 17 subpoena requiring production of documents prior to trial, the moving party must meet the so-called *Nixon* standard by proving the following factors to the court:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (footnote omitted). Stated differently, the moving party must show that the subpoenaed documents are relevant, admissible, and specifically identified. *See id.*; *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984) ("[Rule 17(c) ] only reaches specifically identified documents that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith." (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951))). This requirement applies even when the moving party files an application for subpoena ex parte, as here. *United States v. Beckford*, 964 F.Supp. 1010, 1028 (E.D.Va.1997) ("[I]n support of an ex parte application, the requesting party must still demonstrate to the court that the subpoena meets the *Nixon* standards." (citing *United States v. Reyes*, 162 F.R.D. 468, 471

(S.D.N.Y.1995))). And while "[r]eviewing applications for subpoenas *duces tecum,* a court needs no assistance in applying the *Nixon* standard." *United States v. Jenkins,* 895 F.Supp. 1389, 1397 (D.Haw.1995) ("Just because the decision to allow pretrial production is left to the court does not mean that it should be heard in an adversary proceeding."); *accord United Beckford,* 964 F.Supp. at 1028; *see also United States v. Tomison,* 969 F.Supp. 587, 594 (E.D.Cal.1997) ("As the Supreme Court has explained, it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose." (citing *Bowman Dairy,* 341 U.S. at 221, 71 S.Ct. 675)).

In this case, this Court previously reviewed Defendant's Motion for Leave to File Ex Parte Application for Issuance of Rule 17(c) Subpoenas and determined that Defendant was entitled to file the application ex parte. ECF No. 28. This Court also previously reviewed and granted Defendant's Sealed Motion to Authorize Issuance of a Rule 17(c) Subpoena. ECF Nos. 29–30. Humana now seeks to unseal Defendant's Motion to Authorize Issuance of a Rule 17(c) Subpoena, arguing that, without access to Defendant's motion, "Humana's attorneys . . . are left to speculate as to the range of information truly sought and defendant's need for the documents to prepare for his . . . trial." ECF No. 48 at 2.

■ This Court declines Humana's request to unseal Defendant's Motion to Authorize Issuance of a Rule 17(c) Subpoena and to effectively review this Court's prior ruling on Defendant's Motion for Leave to File Ex Parte Application for Issuance of Rule 17(c) Subpoenas. When a Rule 17 subpoena is issued following an ex parte application, the appropriate method for challenging the subpoena is for the subpoenaed party to file a motion to quash or modify the subpoena, which Humana has done. *See Beckford,* 964 F.Supp. at 1028 ("Rule 17(c) provides an alternative check on the judicial issuance of a pre-trial subpoena duces tecum—a motion to quash or modify by the subpoenaed party."); ECF No. 48; *see also Bowman,* 341 U.S. at 220, 71 S.Ct. 675 ("The court may control the

use of Rule 17(c) to that end by its power to rule on motions to quash or modify."). In ruling on Humana's Motion to quash the subpoena, the undersigned "must reconsider the *Nixon* standard in determining whether 'compliance with the subpoena would be unreasonable or oppressive.'" *Beckford,* 964 F.Supp. at 1028 (quoting Fed.R.Crim.P. 17(c)).

While Humana argues that Defendant has not cited any authority for the proposition that a nonparty may "be kept in the dark" regarding Defendant's Motion to Authorize Issuance of a Rule 17(c) Subpoena, ECF No. 58 at 2, Humana itself has failed to cite any authority to show that it is entitled to unseal or examine Defendant's Motion or to otherwise learn of the stated basis for the Rule 17 subpoena in order to adequately respond to it. Moreover, because Humana has contemporaneously filed a motion to quash the subpoena along with the motion to unseal Defendant's motion for issuance, if this Court were to grant its motion to unseal Defendant's motion for issuance based on Humana's stated purpose, this Court would then need to permit supplemental briefing. However, this Court finds that Humana has adequately addressed the issues in its motion to quash the subpoena. In addition, the undersigned notes that he has access to Defendant's ex parte motion and is able to sufficiently address the validity of the subpoena without additional assistance from Humana. *See Beckford,* 964 F.Supp. at 1028; *Jenkins,* 895 F.Supp. at 1397. Accordingly, Humana's Motion to Unseal Defendant's Motion to Authorize Issuance of a Rule 17(c) Subpoena is hereby denied.

■ With respect to the validity of the subpoena, at the October 1, 2015 hearing on this matter, Defendant and Humana informed this Court that they had reached an agreement to limit the scope of the subpoena as well as the time period within which to comply. Pursuant to the agreement (hereinafter "Revised Request"), the Defendant narrowed the scope of the subpoena by combining and deferring several document requests. Humana has consented to produce the documents listed in the Revised Request. The language of the Revised Request was read

into the record in open court at the hearing. Following the hearing, it was also submitted in writing by Humana to this Court via e-mail and is incorporated below.

The undersigned has independently reviewed the Revised Request for documents and has reconsidered the *Nixon* standard in determining whether 'compliance with the [Revised Request] would be unreasonable or oppressive.'" *See Nixon,* 418 U.S. at 700, 94 S.Ct. 3090; *Beckford,* 964 F.Supp. at 1028. The undersigned now concludes that the requested documents, when limited to Defendant's Revised Request, are sufficiently relevant to the Defendant's defense, are likely admissible at Defendant's trial, and are specifically identified to the extent possible by Defendant. Moreover, in light of Humana's consent to produce the requested documents, the undersigned finds that the Revised Request is not unreasonable or oppressive to comply with.

With respect to the time period for compliance, the Revised Request provides, "Humana will produce documents in response to the subpoena ... on [a] rolling basis and will complete production no later than December 15, 2015." The Court finds that this time period will provide Humana with sufficient time to comply with the Revised Request and, in light of the continued trial date, also satisfy Rule 17's "chief innovation," which was to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon,* 418 U.S. at 698–99, 94 S.Ct. 3090.

### CONCLUSION

Pursuant to Defendant's Revised Request, which is hereby incorporated within this Court's order, Humana shall produce the following documents: [1]

1. All training manuals and training presentations/PowerPoints regarding MRA coding provided or presented to any of the providers or practices listed in revised Request No. 5 (*infra*), and for the time periods listed in revised Request No. 5.

2. All audit manuals or audit guides for MRA coding audits used by the auditors employed by or contracted with Humana for MRA coding audits of the providers and practices listed in revised Request No. 5, and for the time periods listed in revised Request No. 5.

3. [This Request is deferred.]

4. [Combined with Request No. 1 (*supra*).]

5. All provider data validations (PDVs), coding improvement plans, and internal data validation office visit reports for the following providers and practices:

   a. IM Medical, P.A.

   b. Lake Worth Medical, P.A.

   c. Isaac K.A. Thompson, M.D., P.A.

   d. Mario M. Baez, M.D., P.A.

   e. Crest Haven Medical Center, P.A.

   f. Felicidad Health Center, P.A.

   g. Isaac K.A. Thompson, M.D.

   h. Mario M. Baez, M.D.

   i. Arnaldo Manuel Mora, M.D.

   j. Dennis E. Salazar, M.D.

   k. Daniela Mayer, M.D.

   for the period from 2006 to June 2013; and for the provider listed in subpart (j), from 2006 until he was no longer associated with IM Medical, P.A.

6. [Combined with Request No. 5 (*supra*).]

7. The documents provided by Humana in response to requests from the Department of Justice Civil Fraud Division or the U.S. Attorney's Office for the Southern District of Florida, in connection with the investigation of Dr. Thompson or specifically referencing Dr. Thompson.

8. [This Request is deferred.]

---

1. By incorporating the Revised Request into this order, it is the intent of this Court to track the language of the Revised Request as it was read in open court at the October 1, 2015 hearing. To the extent that the language in the written submission of the Revised Request, which is the source of the language in this Court's order, differs from the language announced at the hearing, the language in the hearing shall control.

Humana shall produce documents on a rolling basis and shall have until Tuesday, December 15, 2015, to fully comply with the Revised Request.

All other requirements within the subpoena shall remain in place.

This order completely resolves Humana's Motions and is intended to fully effectuate the subpoena at issue. Once Humana complies with this order, and thereby the Revised Request, Humana's obligation to comply with the subpoena dated August 8, 2015, ECF No. 48–1, will be fully satisfied. If Defendant desires to seek future production of documents that were requested in the subpoena but that were not included in the Revised Request, such as Request Nos. 3 and 8, the Defendant must seek the issuance of a new subpoena.

DONE AND ORDERED.