UNITED STATES of America, Plaintiff,

v.

Lenny HART, Defendant.

Crim. No. 93–CR–91.

United States District Court,
D. Colorado.

July 19, 1993.

John M. Haried, Asst. U.S. Atty., Denver, CO, for plaintiff.

Brian K. Holland, Holland, Seelen & Pagliuca, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

This is a criminal case. Defendant Lenny Hart is represented by retained counsel and has not attempted to qualify for any payments under the Criminal Justice Act. He nonetheless requests authorization to issue subpoenas *duces tecum* for the production of documents on an *ex parte* basis. According to defendant, rule 17(b) of the Federal Rules of Criminal Procedure, read in conjunction with rule 17(c), permits such a request, even for financially able defendants such as Hart. The matter comes before the court on defendant's "Motion Concerning *Ex Parte* Defense Subpoenas" filed April 29, 1993.

Rules 17(b) and (c) of the Federal Rules of Criminal Procedure provide in part:

(b) **Defendants Unable to Pay.** The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

(c) **For Production of Documentary Evidence and of Objects.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated there-

in.... The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof *to be inspected by the parties and their attorneys.*

Fed.R.Crim.P. 17(b) and (c) (emphasis added).

According to defendant, the *ex parte* provision of rule 17(b) regarding indigent defendants was intended to shield the theory of the defense from the prosecutor's scrutiny. *See Marshall v. United States*, 423 F.2d 1315, 1318 (10th Cir.1970); *United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir.1973). In adopting the *ex parte* provision, Congress reasoned that the Government should not be able to obtain a list of adverse witnesses in the case of a defendant unable to pay the witness fees when it is not able to do so in the case of a defendant able to pay those fees. "When an indigent defendant's case is subjected to pre-trial scrutiny by the prosecutor, while the monied defendant is able to proceed without such scrutiny, serious equal protection questions are raised...." *Meriwether*, 486 F.2d at 506. By extension, defendant maintains, rule 17(c) allows an *ex parte* production of documents so that defendant is not required to make a premature disclosure of his defense in order to obtain documents.

The scheme of rule 17 supports the view that Congress intended to distinguish between pretrial subpoenas *duces tecum* and trial subpoenas *ad testificandum,* at least insofar as *ex parte* procedures are concerned. *See United States v. Urlacher*, 136 F.R.D. 550, 555 (W.D.N.Y.1991) ("The explicit provision of a motion to quash or modify in Rule 17(c), and the 'innovat[ive],' albeit 'subsidiary,' provision for pretrial production under supervision of the court and upon terms which permit 'inspect[ion] by the parties and their attorneys,' clearly suggests, if not compels, a conclusion that litigation concerning issuance of and compliance with subpoenas *duces tecum* be conducted upon notice, and not in secret." [citations omitted] ). According to the plain language of rule 17(b), the *ex parte* procedure is available only (1) to indigent defendants and (2) for the production of witnesses at trial. The *ex parte* procedure was developed to aid indigent defendants. There is no suggestion in these cases that the *ex parte* procedure would be available for financially able defendants such as Hart.

In addition, defendant does not cite any authority which suggests that the *ex parte* procedure is available for the production of documents. On the contrary, the mechanism for obtaining documents, rule 17(c), negates any assumption that production should be on an *ex parte* basis. The plain language of rule 17(c) could not be clearer. Where a defendant seeks the production of documents prior to trial, the court may permit these documents "to be inspected by the parties and their attorneys." There can be no right to an *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial. *Urlacher*, 136 F.R.D. at 555.

Moreover, rule 17(c) does not automatically entitle a party to pretrial production of documents. To justify pretrial production of physical evidence, the movant must show:

(1) that the physical evidence is evidentiary and relevant;

(2) that it is not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Cuthbertson*, 651 F.2d 189, 192 (3rd Cir.), *cert. denied*, 454 U.S. 1056, 102 S.Ct. 604, 70 L.Ed.2d 594 (1981) (quoting *United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 [1974] [footnote omitted] ). "Rule 17(c) is a device solely for the obtaining of evidence for the use of the moving party, permitting him to examine the material obtained before trial

only where, in the discretion of the court, it is necessary that he do so in order to make use of the material as evidence." *United States v. Murray,* 297 F.2d 812, 821 (2nd Cir.1961), *cert. denied,* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). In defendant's motion, defendant does not demonstrate that any of these four factors are present in order to justify pretrial production of documents.

By requesting an *ex parte* review of documents before trial, defendant is attempting to convert rule 17(c) into a grand jury-type procedure for private litigants. The courts, however, have uniformly held that rule 17(c) subpoenas may not be used as a discovery device. *See, e.g., Bowman v. United States,* 341 U.S. 214, 219, 71 S.Ct. 675, 678, 95 L.Ed. 879 (1951) ("Rule 17[c] was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials"). Defendant's suggested use of rule 17(c) would clearly eviscerate the courts' admonition.

A further rationale for denying an *ex parte* motion for issuance of pretrial subpoenas *duces tecum* is the presumption in favor of a first amendment right of access to pretrial criminal proceedings. "[T]he place and process have historically been open to the press and general public" and it is "logic[al]" to consider that "public access plays a significant positive role in the functioning of the particular process in question." *Urlacher,* 136 F.R.D. at 556 (quoting *Press–Enterprise Co. v. Superior Court of Cal.,* 478 U.S. 1, 8–9, 106 S.Ct. 2735, 2740–41, 92 L.Ed.2d 1 [1986] ). Recent decisions demonstrate a trend in favor of recognizing a qualified right of access to documents filed in connection with pretrial criminal proceedings. *See, e.g., In the Matter of the Application and Affidavit for a Search Warrant,* 923 F.2d 324, 326–28 (4th Cir.1991) (affidavit supporting search warrant application); *The Oregonian Publishing Co. v. The United States Dist. Court for the Dist. of Or.,* 920 F.2d 1462, 1465–66 (9th Cir.1990) (plea agreements); *In re The State–Record Co., Inc.,* 917 F.2d 124, 127–29 (4th Cir.1990) (government responses to defendant's *Brady* and rule 404[b] motions which were alleged to be prejudicial and

which would be the subject of intense publicity). The presumption in favor of a right of access would be undermined by permitting an *ex parte* inspection of pretrial documents.

### Conclusion

For the above stated reasons, I conclude the *ex parte* procedure is not available either for financially able defendants or for the pretrial production of documents—much less for both. It is therefore

ORDERED that defendant's motion concerning *ex parte* defense subpoenas be DENIED.