UNITED STATES of America

v.

**Kenneth ASHLEY and Frank LaGrua, Defendants.**

**No. 94–CR–1235 (DRH).**

United States District Court, E.D. New York.

May 1, 1995.

Zachary W. Carter, U.S. Atty. by Mark Wasserman, Asst. U.S. Atty., Garden City, NY, for U.S.

Ronald J. Russo, Fischetti & Russo, New York City, for Kenneth Ashley.

Paul A. Batista, New York City, for Frank LaGrua.

### *MEMORANDUM AND ORDER*

HURLEY, District Judge.

Defendant Kenneth Ashley ("Defendant") has filed an *ex parte* application seeking an Order, pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)"), permitting the service of a subpoena *duces tecum* directed to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). For the reasons set forth below, Defendant's motion is denied without prejudice.

### *DISCUSSION*

**I.** *Rule 17(c)*

■ Rule 17(c) provides as follows:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion

made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

Initially, the Court notes that the subpoena *duces tecum* in criminal cases "was not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974) (citation omitted). Rather, "its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials." *Id.* at 698–99, 94 S.Ct. at 3103 (citation omitted). "Indeed, [c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y.1995) (alteration in original) (internal quotations omitted) (quoting *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981)).

■ The Supreme Court has indicated that in order to require production prior to trial, the moving party must show the following:

(1) that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699–700, 94 S.Ct. at 3103 (footnote omitted). In short, the movant, "in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700, 94 S.Ct. at 3103. Finally, the Court notes that conclusory statements, devoid of support, claiming that the movant has met the standards set forth in *Nixon*, are inadequate. *See, e.g., United States v. Rich*, 1984 WL 845, at * 3 (S.D.N.Y. Sept. 7, 1984) (citations omitted).

## II. *Necessity of Pre-trial Motion for Issuance*

■ As a preliminary matter, the Court notes that Rule 17(c) does not expressly require that a party make a pre-trial motion before issuing a subpoena *duces tecum*. Nevertheless, "[t]he prior invocation of the court's aid when pretrial production pursuant to a subpoena duces tecum is sought has been described as an orderly and desirable procedure and one often followed." *United States v. Urlacher*, 136 F.R.D. 550, 554 (W.D.N.Y.1991) (citations and internal quotations omitted). The *Urlacher* court noted that one possible disposition of a motion for issuance of a pre-trial subpoena *duces tecum* is to dismiss it as unnecessary because Rule 17(c) provides for adequate court supervision of such a subpoena on a motion to quash made by the subpoenaed party. *Id.* Nevertheless, the *Urlacher* court chose, instead, to entertain that motion because the defendant had, by its filing, sought the "court's aid in the matter, which will ensure the judicial supervision contemplated by subdivision (c) at the earliest stage." *Id.* at 554–55. This Court, like the court in *Urlacher*, finds that "the motion for issuance is appropriate, though not strictly necessary, and should be entertained by the court." *Id.* at 555. However, prior to considering whether or not Defendant has met his burden on such a motion, the Court must first consider, as did the *Urlacher* court, the *ex parte* nature of Defendant's application.

## III. *Ex Parte Nature of Application*

Again, Defendant's application for an Order permitting the service of a subpoena *duces tecum* directed to Freddie Mac was made *ex parte*. Defendant did not cite any authority that supports his making an appli-

cation such as the instant one without the knowledge of all parties. Indeed, the Court's preliminary research on that issue has uncovered cases suggesting that a defendant may *not* properly make an application pursuant to Rule 17(c) on an *ex parte* basis. The *Urlacher* court, which provided a detailed analysis of this issue, indicated the following:

> The explicit provision of a motion to quash or modify in Rule 17(c), and the innovat[ive] ... albeit subsidiary ... provision for pretrial production under supervision of the court and upon terms which permit inspect[ion] by the parties and their attorneys, clearly suggests, if not compels, a conclusion that litigation concerning issuance of and compliance with subpoenas duces tecum be conducted upon notice, and not in secret.

*Urlacher,* 136 F.R.D. at 555–56 (alterations in original) (citations and internal quotations omitted). Further, that court found that "[t]here can be no 'right' to ex parte procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties inspection prior to trial." [1] *Id.* at 556.

Another court, citing *Urlacher,* similarly found that the *ex parte* procedure was unavailable for an application pursuant to Rule 17(c). *United States v. Hart,* 826 F.Supp. 380, 381 (D.Colo.1993). The *Hart* court concluded that "the *ex parte* procedure is not available either for financially able defendants or for the pretrial production of documents—much less for both." *Id.* at 382; *but see United States v. Florack,* 838 F.Supp. 77, 79–80 (W.D.N.Y.1993) (holding, pursuant to Rules 17(b) and (c), that an indigent defendant is entitled "to an ex parte procedure for obtaining a subpoena duces tecum to compel the production of witnesses and documents for a hearing or trial").

Because the Court's preliminary research on the *ex parte* issue has not uncovered any controlling law, and Defendant's application, on its face, fails to satisfy the admissibility prong of the *Nixon* test, *see infra* at 267, the Court denies Defendant's application, without prejudice, on the latter ground. The Court cautions, however, that should Defendant resubmit this application, or file a similar one, on an *ex parte* basis, he should fully brief the issue of whether or not the Court may properly entertain such an application without the knowledge of all parties.

## IV. *Defendant's Application*

In support of his application for an Order permitting the issuance of a subpoena *duces tecum* directed to Freddie Mac, defense counsel states, *inter alia,* that "[i]n addition to the discovery to which the defendant is entitled from the government pursuant to Rule 16, F.R.Cr.P., he also seeks certain discovery in this subpoena which concerns the role played by Freddie Mac in the commencement and prosecution of the charges in this matter." (Russo Affid. at ¶ 3.) Again, however, the Court notes that the subpoena *duces tecum* in criminal cases "was *not* intended to provide a means of discovery for criminal cases," *Nixon,* 418 U.S. at 698, 94 S.Ct. at 3103 (emphasis added and citation omitted), and that "[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases" provided by Rule 16. *Cherry,* 876 F.Supp. at 552 (alteration in original) (quoting *Cuthbertson,* 630 F.2d at 146).

Defense counsel states that he "is quite familiar with the burden which the defendant must carry in seeking a 'So Ordered' Rule 17(c) subpoena," and "submits that [Defendant] has met that burden." (Russo Affid. at ¶ 6.) The Court, however, finds otherwise, because Defendant has made no attempt to show that each of the documents he seeks will be admissible at his trial. While some of the requested documents may indeed be admissible under the Federal Rules of Evidence, it is not the Court's responsibility to propose and evaluate grounds of admissibility for each document at issue.

---

1. Finally, the *Urlacher* court also noted that the defendant in that case had filed the motion at a point when no trial date was firmly set. The court indicated that, therefore, the motion was premature and "should be entertained only when a trial date is firmly set." *Id.* at 558 (citing *United States v. Poindexter,* 725 F.Supp. 13, 28–29 (D.D.C.1989)). Here, too, this Court notes that no trial date has set been for the instant action.

Rather, Defendant, who has requested the Court's intervention in the issuance of this subpoena, must show the admissibility of the documents that he is requesting. *See Nixon,* 418 U.S. at 700, 94 S.Ct. at 3103–04. As Defendant has failed to do so, the Court, at this time, denies the instant application.[2] Defendant, of course, may renew his application upon a proper showing that each of the requested documents meets the four-pronged *Nixon* test.

## V. *Conclusion*

Based on the foregoing analysis, the Court denies without prejudice Defendant's application for an Order, pursuant to Rule 17(c), permitting the service of a subpoena *duces tecum* directed to Freddie Mac, calling for a pre-trial production of documents before the Court. Further, the Court directs that should Defendant re-submit this application, or file a similar one, on an *ex parte* basis, he should fully brief the issue of whether or not the Court may properly entertain such an application without the knowledge of all parties.

SO ORDERED.

2. In light of Court's concern over the *ex parte* nature of this application, and its finding that Defendant has not met his burden regarding admissibility, the Court need not, and does not, consider whether Defendant has satisfied the other prongs of the *Nixon* test.