STATE

v.

**Edward D. DiPRETE et al.**

No. 96–19–C.A.

Supreme Court of Rhode Island.

Sept. 5, 1996.

Bruce Astrachen, Aaron Weisman, Michael F. Burns, Asst. Attys. General, Joseph L. DeCaporale, Jr., Providence, for Plaintiff.

Robert R. Popeo, Richard Egbert, Rosemary Allen, John K. Markey, Boston, MA, for Defendants.

Ina P. Schiff, Providence, Amicus Curiae.

## OPINION

BOURCIER, Justice.

This case comes before us on the state's appeal from a Superior Court trial justice's decision dismissing the extortion counts in an indictment returned by a state grand jury against the defendants,[1] and on the cross-appeal of the trial justice's denial of the defendants' motions to dismiss bribery counts contained in the same indictment. We sustain the state's appeal and decline to consider the defendants' cross-appeal.

### I

### Case Travel

The defendants are Edward D. DiPrete and Dennis L. DiPrete. They will be collectively referred to in this opinion as the DiPretes.

On March 29, 1994, an indictment was returned in the Kent County Superior Court charging the DiPretes with numerous criminal counts alleging, inter alia, that they committed, and conspired to commit, acts of extortion as well as acts of soliciting and accepting bribes.[2] The indictment more specifically charged that defendant Edward DiPrete used his influence while serving as

---

1. The state's appeal is pursuant to G.L.1956 § 9–24–32.

2. The offenses pertinent to this appeal with which the defendants are charged include violations of Rhode Island's racketeering statutes,

Governor of the State of Rhode Island between 1984 and 1990 to acquire money and campaign contributions as inducements and rewards for the awarding of state leases and contracts. The indictment further alleged that Dennis DiPrete, the former governor's son, was a familial partner in the alleged criminal endeavors. On September 15, 1995, the DiPretes filed motions to dismiss the indictment counts premised on allegations of extortion as well as those grounded upon allegations of bribery.

Hearings on those motions commenced on November 16, 1995, and at the conclusion thereof, and after consideration of legal memoranda by counsel, the trial justice, on January 10, 1996, granted the DiPretes' motions to dismiss the extortion counts but denied their motions to dismiss the bribery counts. The trial justice thereafter assigned and scheduled the trial to commence on February 5, 1996.

The state on January 12, 1996, filed its appeal from the trial justice's January 10, 1996 decision and along with that appeal, its motion for an expedited hearing thereon. On January 18, 1996, defendant Dennis DiPrete filed his objection opposing the state's motion for an expedited appeal. Because of pretrial motions, including a defendant's motion to admit polygraph evidence, the February 5, 1996 trial date was rescheduled to May 13, 1996. On March 28, 1996, defendant Edward DiPrete motioned for a stay of the scheduled May 13 trial until this Court resolved the state's January 12 appeal and the defendants' cross-appeal. That motion was denied by the trial justice, and on April 18, 1996, this Court, by order of that date, also denied a requested stay of the scheduled trial proceedings. On May 13, 1996, this Court issued its order vacating that part of the trial justice's January 10, 1996 decision that had dismissed the indictment extortion counts. In that order, we directed the trial justice to reinstate the extortion counts, stating that "a trial justice should honor an indictment returned by a legally constituted grand jury

and trial in the Superior Court should proceed thereon." *See Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *State v. Smith,* 662 A.2d 1171 (R.I. 1995). We also ordered that the defendants were entitled, if they so requested, to "a reasonable trial continuance in order to so prepare" for trial on the revived counts. Such a continuance was requested, and the trial justice thereafter scheduled a new trial date for September 9, 1996. Finally, in our May 13 order, we stated that this Court would further explicate its ruling in a formal opinion to be issued in due course. We do so this day, and address both the state's appeal and the defendants' cross-appeal.

## II

### The Trial Justice's Rulings

The trial justice dismissed the extortion counts in January 1996 after concluding that the state's prosecutor had incorrectly instructed the grand jury on the elements of the crime of "Extortion by public official." General Laws 1956 § 11–42–1.1. The statute provides in pertinent part:

> "Any person, being an elected or appointed official or employee of the state, or of any political subdivision of the state * * * or representing himself or herself to be, or assuming to act as such, who, under color or pretense of office, commits or attempts to commit an act of extortion, shall, upon conviction, be imprisoned for a term of not more than fifteen (15) years, or fined not more than twenty-five thousand dollars ($25,000), or both and shall forfeit all unjust enrichment."

The state's prosecutor had instructed the grand jurors that in order for them to return a true bill, they had to find sufficient evidence amounting to probable cause of extortion by public official, premised upon evidence that the DiPretes had corruptly collected unlawful fees under color of state office and that "no proof of threat or force

G.L.1956 §§ 7–15–1, 7–15–2; conspiracy statute, G.L.1956 § 11–1–6; extortion statute, G.L.1956 § 11–42–1.1; and bribery statute, G.L.1956 § 11–7–3.

or duress is required." That instruction was the basis of the defendants' motions to dismiss the extortion counts. The DiPretes alleged, and the trial justice agreed, that the use of coercion or duress was a necessary element of § 11–42–1.1. The trial justice found that the grand jury had in fact been improperly charged by the prosecutor, and accordingly he dismissed the indictment counts that were premised upon the extortion by public official statute. The state, as previously noted, appealed that decision pursuant to G.L.1956 § 9–24–32.

The trial justice, however, denied the defendants' motions to dismiss the indictment counts charging bribery. Those counts had been charged pursuant to G.L.1956 § 11–7–3 ("Solicitation or acceptance of bribe by agent, employee, or public official"). The statute provides in pertinent part:

> "(a) No person in public or private employ, or public official shall corruptly accept, or obtain or agree to accept, or attempt to obtain from any person, for him or herself for any other person, any gift or valuable consideration as an inducement or reward for doing or forbearing to do, or for having done or forborne to do, any act in relation to the business of his or her principal, master, employer, or state, city, or town of which he or she is an official, or for showing or forbearing to show favor or disfavor to any person in relation to the business of his or her principal, master, employer, or state, city, or town of which he or she is an official."

The defendants asserted in the Superior Court hearing that the counts charged in the indictment alleging violations of § 11–7–3 should be dismissed because former Governor DiPrete and his son Dennis did not possess the requisite governmental authority to award state contracts. They contended that because the award of state contracts was the responsibility of a formal state selection committee, and not of the former governor or his son, they could not therefore have violated the statute. In denying the defendants' motions, the trial justice ruled that whether the former governor did in fact "maintain control over the selection process" and whether his son acted as an agent for him were fact questions for the jury to determine at trial. The defendants, in what they have designated as their cross-appeal, seek our review of the trial justice's decision denying their motions to dismiss the indictment bribery counts.

## III

### The State's Extortion Appeal

■ As noted in our May 13, 1996 order, the extortion counts charged in the grand jury indictment returned against the DiPretes by a legally constituted grand jury must be submitted to trial and tested before a Superior Court petit jury. That has been the rule since 1956 when the United States Supreme Court decided *Costello.* That Court in *Costello* clearly pronounced that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits." *State v. Simpson,* 658 A.2d 522, 524 (R.I.1995) (quoting *Costello,* 350 U.S. at 363, 76 S.Ct. at 409, 100 L.Ed. at 402–03). Accordingly, we have held that "[d]ismissal of an indictment based upon prosecutorial misconduct before the grand jury is a drastic remedy reserved for very limited and extreme circumstances." *Smith,* 662 A.2d at 1174. *See also State v. Chiellini,* 557 A.2d 1195, 1199 (R.I.1989).

In this case, the defendants do not allege that the prosecutor who instructed the grand jury acted in a deliberately improper fashion. They contend, however, that the state misinterprets the law of extortion. We reiterated in *Smith* that "absent 'flagrant and overbearing' misconduct by a prosecutor, the proper remedy for alleged grand jury error is a trial on the merits." *Smith,* 662 A.2d at 1174 (quoting *Chiellini,* 557 A.2d at 1199).

In this appeal we are concerned only with the limited question concerning the propriety of the trial justice's action in dismissing the

indictment counts alleging extortion, and not with his interpretation of what constitutes the crime of extortion as set out in § 11–42–1.1. For purposes of the state's appeal, it is only necessary for us to conclude whether the instruction concerning that offense as explained to the grand jury by the prosecutor was arguably a viable interpretation of the statute, and, if so, and absent any egregious, flagrant, or overbearing conduct on the part of the prosecutor, should have been dismissed. We conclude that it was a viable interpretation and discern no improper conduct or motive on the part of the prosecutor. In so holding, we once again, however, reiterate what we stated in our May 13, 1996 order, namely, that the trial justice remains free to rule on any motions or questions of law concerning § 11–42–1.1 that come before him during the course of the defendants' trial, and he should not be inhibited in so doing by this opinion.

## IV

### The Defendants' Cross–Appeal

■ We have previously noted that the state was permitted to appeal the trial justice's decision to dismiss the indictment extortion counts pursuant to § 9–24–32. That statute provides in pertinent part:

"In any criminal proceeding, the attorney-general shall have the right to object to any finding, ruling, decision, order or judgment of the superior court or family court, and the attorney-general may appeal such findings, rulings, decisions, orders or judgments to the supreme court at any time before the defendant has been placed in jeopardy; the defendant in any criminal proceeding may also appeal any findings, rulings, decision, order or judgment of the superior court or family court; and the attorney-general may appeal thereafter, if, after trial, the defendant appeals."

The defendants attempt to single out and piggy-back alleged ambiguities in § 9–24–32 in an effort to be heard on their cross-appeal. However, our prior cases leave them with little precedential assistance. In *State v. Jenison*, 122 R.I. 142, 405 A.2d 3 (1979), the defendants contended that we could undertake a pretrial review of a trial justice's denial of their motion to dismiss. We first opined that the ruling was interlocutory and premature and thus "cannot be entertained." *Id.* at 145, 405 A.2d at 5. We then addressed the defendants' contention that they could challenge the interlocutory order pursuant to § 9–24–32. We responded that "[a]lthough in specified circumstances that statute permits the state to prosecute an appeal from an interlocutory ruling, it is unavailable to a defendant for that purpose." *Id.* (citing *State v. Johnson*, 113 R.I. 917, 319 A.2d 102 (1974); *State v. Ouimette*, 108 R.I. 283, 274 A.2d 732 (1971)).

We remarked in *State v. Chase*, 588 A.2d 120 (R.I.1991), that although denial of a motion to dismiss a criminal action was not a final judgment from which an appeal could be taken, we might, however, allow an immediate appeal when the motion to dismiss was based upon double jeopardy or collateral estoppel grounds. Those specific and limited grounds are not present in the defendants' cross-appeal in this case, and consequently their cross-appeal from the denial of their motions to dismiss the bribery counts is not properly before us at this juncture. *Id.* at 122; *see also State v. Berberian*, 122 R.I. 693, 411 A.2d 308 (1980).

## V

### Conclusion

For the reasons above stated, we sustain the state's appeal and reaffirm our prior order in which we vacated in part the trial justice's decision and reinstated the extortion counts against the defendants, and we decline to entertain the defendants' cross-appeal on the bribery counts. The papers of this case are remanded to the Superior Court for further proceedings in accordance with this opinion.

FLANDERS, J., did not participate.