STATE

v.

**Edward D. DiPRETE et al.**

No. 96–604–C.A.

Supreme Court of Rhode Island.

July 18, 1997.

See also 682 A.2d 1373.

Thomas Dickinson, Aaron L. Weisman, Providence, for Plaintiff.

Richard M. Egbert, Robert R. Popeo, Rosemary M. Allen, Boston, MA, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and BOURCIER, JJ.

## OPINION

LEDERBERG, Justice.

This case presents our first consideration of the issuance of pretrial subpoenas duces tecum, pursuant to Rule 17(c) of the Superior Court Rules of Criminal Procedure. The State of Rhode Island (state) has appealed an order denying its motion for the disclosure of evidence obtained by the defendants, Edward D. DiPrete and Dennis L. DiPrete, following the granting by the trial justice of the ex parte application of the defendants for issuance of pretrial subpoenas duces tecum pursuant to Rule 17(c). In addition, the state has challenged the trial justice's denial of its motion to inspect the documents acquired by the defendants under the Rule 17(c) subpoenas and of its request to ascertain the subject matter of the ex parte communications between the trial justice and defense counsel in seeking the subpoenas. For the reasons stated herein, we sustain the state's appeal and reverse the judgment of the Superior Court. A summary of the facts relevant to the issues raised in this appeal follows.

### Facts and Procedural History

On March 29, 1994, defendants were charged by indictment with multiple counts of extortion, bribery, racketeering, and conspiracy. *State v. DiPrete,* 682 A.2d 1373 (R.I.1996). On September 15, 1995, defendants filed motions to dismiss the counts that

alleged extortion and bribery. *Id.* at 1374. Hearings began in November 1995, following which the trial justice granted defendants' motions to dismiss the extortion counts, but denied their motions to dismiss the bribery counts. The state appealed the dismissal of the extortion counts, and on May 13, 1996, this Court issued an order vacating the trial justice's dismissal of those counts. In that order, we also stated that defendants were entitled to a "reasonable trial continuance" in order to prepare for trial on the reinstated counts. *Id.* The defendants requested such a continuance, and the trial justice set a new trial date of September 9, 1996. On September 5, 1996, this Court issued a formal opinion in which we sustained the state's appeal from the dismissal of the extortion counts, reaffirmed the order reinstating those counts, and declined to rule at that time on defendants' cross-appeal from the denial of their motions to dismiss the bribery counts. *Id.* at 1376.

Prior to trial, defendants had filed a motion for remedial sanctions, alleging that the state had improperly withheld certain exculpatory evidence. On October 21, 1996, at the hearing on defendants' motion for sanctions, defense counsel, R. Robert Popeo, made reference to pretrial subpoenas duces tecum secured by defendants pursuant to an ex parte order. Three days later, in a letter to the Office of the Superior Court Clerk, the state sought copies of any ex parte orders entered at defendants' request, along with a list of the dates of any ex parte conferences between the trial justice and the defense. In response, defendants telefaxed to the Office of the Attorney General a copy of an ex parte letter written to the trial justice by defense counsel, Richard Egbert, and a copy of an ex parte order signed by the trial justice. The order authorized defense counsel to issue pretrial subpoenas for the production of documentary evidence, pursuant to Rule 17(c).

The court addressed the ex parte order for the issuance of the pretrial subpoenas duces tecum at a hearing on October 25, 1996. On October 28, 1996, the state filed a motion for "Documents, Transcripts, Records, Correspondence, and Other Materials" in respect to the ex parte communications between de-

fendants and the court and for any documentary evidence obtained as a result of the pretrial subpoenas duces tecum. On November 20, 1996, the trial justice denied the state's motion to compel, after determining that defendants' ex parte application for the subpoenas and the court's issuance of those subpoenas were proper, and after concluding that defendants' acquisition of any pertinent documents from third parties, pursuant to the Rule 17(c) subpoenas, was irrelevant to the issue of the state's alleged discovery violations. The state subsequently filed the instant appeal, pursuant to G.L.1956 § 9–24–32.

### Rule 17(c) Subpoenas

On appeal, the state contended that the trial justice erred by entertaining defendants' ex parte application for pretrial subpoenas duces tecum and by issuing a sealed ex parte order authorizing the issuance of such subpoenas. The state argued that Rule 17(c) does not authorize ex parte motions for the issuance of subpoenas that compel the pretrial production of documents. The state further asserted that the trial justice improperly denied the state access to documentary evidence procured by defendants pursuant to the Rule 17(c) subpoenas. Rule 17 governs the issuance both of trial subpoenas ad testificandum and of subpoenas duces tecum. Specifically, Rule 17 subsections (a) and (b) concern subpoenas that compel the attendance of witnesses at trial, whereas Rule 17(c) addresses subpoenas that compel the production of documentary evidence and objects.

Rule 17(c) provides:

"**17. Subpoena.**—* * *

(c) *For Production of Documentary Evidence and of Objects.* A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be

offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

Because we have not addressed this issue previously and because the Rhode Island rule is essentially identical to the Federal rule, we are guided by the United States Supreme Court's interpretation of Rule 17(c) in its seminal case, *Bowman Dairy Co. v. United States,* 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951). The Supreme Court began its analysis by contrasting the purpose of Rule 16 with that of Rule 17, and proceeded to analyze the scope of Rule 17(c). Rule 16 of the Superior Court Rules of Criminal Procedure is based largely on its federal counterpart, *State v. Coelho,* 454 A.2d 241, 244 (R.I.1982). Although differing in detail, both the federal and state Rules 16 regulate the discovery by a defendant of evidence in possession of the prosecution and the discovery by the prosecution of evidence in possession of the defendant. *Bowman* pointed out that Rule 16 was adopted to allow the defendant discovery

"not only [as] to documents and other materials belonging to the defendant, but also to those belonging to others which had been obtained by seizure or process.

"[Thus,] Rule 16 deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information. * * * [Under Rule 16] * * * the court could order such materials made available to the defendant for inspection and copying or photographing.

"But if such materials or any part of them are not put in evidence by the Government, the defendant may subpoena them under Rule 17(c) and use them himself. * * * There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17(c) as long as they are evidentiary. * * * The court may control the use of

Rule 17(c) * * * by its power to rule on motions to quash or modify.

"It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena *ad testificandum* and *duces tecum,* which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena *duces tecum* to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials." *Bowman,* 341 U.S. at 219–20, 71 S.Ct. at 678–79, 95 L.Ed. at 884–85.

■ The essential holdings of *Bowman* in respect to Rule 17(c) subpoenas were summarized and applied in *United States v. Nixon,* 418 U.S. 683, 699–702, 94 S.Ct. 3090, 3103–04, 41 L.Ed.2d 1039, 1059–60 (1974), wherein the Supreme Court declared:

"[I]n order to require production [under Rule 17(c) ] prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'
" * * *

"Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues."

It is clear that Rule 17(c) provides that, unlike a trial subpoena ad testificandum, a subpoena duces tecum may be made returnable prior to trial. Although the rule does not set forth the procedure for securing the issu-

ance of such a subpoena, the third sentence of the rule assigns the decision to compel the pretrial production of the requested evidence to the discretion of the court. ("The court *may direct* that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence." Rule 17(c). (Emphasis added.)) It is our conclusion that the judicial discretion mandated by Rule 17(c) is best invoked by requiring any party seeking a pretrial subpoena duces tecum to file a motion with the court, requesting the issuance of such a subpoena.

Without the judicial intervention so obviously contemplated by the Supreme Court's holding in *Nixon*, Rule 17(c) would lend itself to discovery of the most sweeping sort, in direct contravention of the Court's pronouncement that Rule 17 was never intended "to give a right of discovery in the broadest terms." *Bowman*, 341 U.S. at 220, 71 S.Ct. at 679, 95 L.Ed. at 885. A requirement that a party apply to the court for a pretrial subpoena duces tecum ensures that the application for such subpoenas can "clear three hurdles" established by the Court in *Nixon*, namely "(1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700, 94 S.Ct. at 3103, 41 L.Ed.2d at 1059.

One commentator has observed that, although Rule 17(c) "does not clearly require it," the filing of a motion for the issuance of a subpoena duces tecum returnable prior to trial is "an orderly and desirable procedure and one frequently followed." 2 Charles Alan Wright, *Federal Practice and Procedure: Criminal 2d* § 274 at 155 (1982). Several courts have recognized the filing of a motion as the appropriate method for securing issuance of a pretrial subpoena duces tecum. *See, e.g., United States v. Beckford,* 964 F.Supp. 1010, 1014 (E.D.Va.1997); *United States v. Finn,* 919 F.Supp. 1305, 1329–30 (D.Minn.1995); *United States v. Jenkins,* 895 F.Supp. 1389, 1395 (D.Haw.1995); *United States v. Ferguson,* 37 F.R.D. 6, 8 (D.D.C. 1965); *see also United States v. Ashley,* 162 F.R.D. 265, 266 (E.D.N.Y.1995) (motion for issuance appropriate though not strictly nec-

essary); *United States v. Urlacher,* 136 F.R.D. 550, 554–55 (W.D.N.Y.1991) (same).

We recognize that in some measure "[t]he Court may control the use of Rule 17(c) * * * by its power to rule on motions to quash or modify." *Bowman*, 341 U.S. at 220, 71 S.Ct. at 678, 95 L.Ed. at 884. But restricting judicial control over the issuance of a Rule 17(c) pretrial subpoena to resolving motions to quash or modify the subpoena will not preclude the abuse of pretrial subpoenas duces tecum because there is no guarantee that such motions will be filed. *Beckford,* 964 F.Supp. at 1023. The opposing party in a criminal case, for example, "may lack standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed material." *United States v. Reyes,* 162 F.R.D. 468, 470 (S.D.N.Y.1995). In such a case the court's ability to review the use of Rule 17(c) subpoenas duces tecum returnable before trial would rest solely upon the potential filing of a motion to quash or modify by a third party to the case, who may have no interest or incentive to file such a motion. *Beckford,* 964 F.Supp. at 1023; *United States v. Noriega,* 764 F.Supp. 1480, 1493 (S.D.Fla.1991). "Where no motion to quash or to modify a subpoena duces tecum is raised to an overbroad or otherwise impermissible Rule 17(c) pre-trial subpoena, it is possible, if not likely, that improper pre-trial production and inspection will occur without the knowledge or intervention of the court." *Beckford,* 964 F.Supp. at 1024. This is in clear contravention of the rule's express intent that the pretrial production and inspection of documents be conducted under the supervision of the court. *Id; United States v. Najarian,* 164 F.R.D. 484, 487 (D.Minn.1995). Therefore, we are led to conclude that the purpose of Rule 17(c) can best be effectuated by requiring that a party seeking the issuance of a pretrial subpoena duces tecum file a motion with the court for the issuance of such a subpoena, as part of the adversary process. For the reasons set forth below, we conclude that Rule 17(c) generally does not permit such a motion to be filed ex parte.

■ Three explicit provisions in the rule—the filing of a motion to quash or modify a subpoena duces tecum, the pretrial produc-

tion of subpoenaed material under supervision of the court, and the inspection of such material by the parties and their attorneys— clearly imply "that litigation concerning issuance of and compliance with subpoenas duces tecum be conducted upon notice, and not in secret." *Urlacher,* 136 F.R.D. at 555–56. We are not persuaded that a "right" can exist "to ex parte procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties inspection prior to trial." *Id.* at 556. In fact, a majority of the courts that have considered this issue have determined that the issuance of pretrial subpoenas duces tecum upon ex parte application is generally improper. *See Beckford,* 964 F.Supp. at 1025 (ex parte procedure for issuance of pretrial subpoena duces tecum permissible only in "exceptional circumstances"); *Finn,* 919 F.Supp. at 1330 (opposing party must be notified, and application for pretrial subpoena duces tecum should be reviewable by other parties to the proceeding); *United States v. Hart,* 826 F.Supp. 380, 381 (D.Colo.1993) (ex parte procedure not available for pretrial production of documents); *Najarian,* 164 F.R.D. at 488 (Rule 17(c) application for pretrial subpoena reviewable by other parties to the proceeding); *Urlacher,* 136 F.R.D. at 555–56 (ex parte process impermissible). *See also* 2 Wright, § 274 at 48 (1997 Supp.) ("[i]f a motion is made it cannot be ex parte").

There are, however, two cases in which courts have held that Rule 17(c) allows for the issuance of pretrial subpoenas duces tecum upon ex parte application. In the first, *Jenkins,* the court permitted an ex parte application for issuance of pretrial subpoenas duces tecum under Rule 17(c) without notice to the opposing party, but also required that any documents produced thereby prior to trial be brought before the court, not delivered directly to the defendants. 895 F.Supp. at 1394, 1397.

> "Rule 17(c) provides that if the court determines that documents may be produced before the court prior to trial, the court may allow the documents 'to be inspected by the parties and their attorneys.' Fed. R.Crim.P. 17(c). Rule 17(c) makes no provision for allowing only one party access to the documents." *Id.* at 1394.

Thus, *Jenkins* is distinguishable insofar as the documents in the case before us were returned by third parties directly to defendants without court supervision, thereby allowing only defendants access to the documents in advance of trial.

Similarly, in *Reyes,* the court held that Rule 17(c) permitted an ex parte motion for the issuance of a subpoena duces tecum with a pretrial return date. 162 F.R.D. at 470–71. The court further concluded that "[i]n accordance with Rule 17(c), the Court will consider, after an appropriate motion is made, whether or not to order that the materials be deposited with the Court for inspection by the parties and their attorneys" and observed that if both parties will have access to the subpoenaed documents, there is no reason for ex parte application. *Id.* at 470 n. 2, 471. The prosecution in *Reyes* had indicated in a pretrial conference that it intended to seek ex parte issuance of subpoenas for documents in advance of trial. *Id.* at 468. Thus, both parties had notice of the Rule 17(c) subpoenas prior to their issuance.

We further note that two of the cases cited by defendants in support of their position, *United States v. Hang,* 75 F.3d 1275 (8th Cir.1996), and *United States v. Florack,* 838 F.Supp. 77 (W.D.N.Y.1993), dealt with *trial* subpoenas duces tecum, not, as in the case before us, with subpoenas for the *pretrial* production of documentary evidence.

After careful consideration of the purposes of Rule 17(c), we are of the opinion that the rule contemplates an adversarial process in which an opposing party is afforded notice and an opportunity to challenge a motion for issuance of a pretrial subpoena duces tecum. Such a process is essential to ensure that Rule 17(c) is not used as a discovery device. *See, e.g., Hart,* 826 F.Supp. at 382 (request for ex parte pretrial review of documents constituted attempt "to convert rule 17(c) into a grand jury-type procedure for private litigants").

■ Consequently, we hold that the trial justice erred when he entertained defendants' ex parte motion for the issuance of pretrial subpoenas duces tecum without notice to the state and when he issued the sealed ex parte order that authorized the

pretrial return of documents directly to defendants. Accordingly, defendants are directed to provide the state with (1) all proffers, motions, or arguments, including written summaries of any oral arguments or discussions, presented by defendants to the trial justice when they sought authorization for the ex parte subpoenas, (2) copies of any orders or documents issued by the court, and (3) copies of all documents, transcripts, records, and correspondence obtained pursuant to the Rule 17(c) subpoenas, whether or not defendants anticipate introducing such materials at trial. None of the foregoing is mooted if defendants have previously furnished some materials to the state, but if defendants have already delivered all said material to the state, they may file an affidavit so stating.

In holding that ex parte applications for a pretrial subpoena duces tecum are generally impermissible under Rule 17(c), we recognize that ex parte process for issuance of such a subpoena may be warranted in certain extraordinary circumstances, such as a case where identification of the source of evidence might imperil the source or the integrity of the evidence or where a fundamental privacy right or constitutional interest of a defendant might be implicated. Because no such circumstances are present in this case, we need not address the putative use of an ex parte application in such exceptional instances.

We decline to consider at this time the state's contention that the trial justice erred in determining that the content of the documents obtained by the defendants, pursuant to the Rule 17(c) subpoenas, was irrelevant to the court's resolution of the defendants' motion to impose sanctions on the state for alleged discovery violations.

In conclusion, we sustain the state's appeal and reverse the judgment of the Superior Court, to which we remand the papers in this case.

FLANDERS and GOLDBERG, JJ., did not participate.