**UNITED STATES of America,**
**Plaintiff,**

v.

**Donald P. FOX, Defendant.**

**No. 4:03CR3006–2.**

United States District Court,
D. Nebraska.

Aug. 13, 2003.

Lynnett M. Wagner, Assistant United States Attorney, Lincoln, NE, for Plaintiff.

David R. Stickman, Federal Public Defender, John C. Vanderslice, Assistant Federal Public Defender, Lincoln, NE, for Defense.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

At a hearing held on August 12, 2003, this matter came on to consider the motion (filing 139) for a subpoena to produce documents prior to trial directed at the Nebraska State Patrol.[1] The defense seeks the documents to support its pretrial motion that the traffic stop in this case was the product of racial profiling. For the reasons stated below, I granted the basic relief sought by the defense.

I now explain the reasons for my ruling. I will also clarify my earlier ruling regarding ex parte consideration of these types of motions, and I will set forth guidelines as requested by the parties.

First, I have previously ruled that "the law, particularly Rule 17(c), does not ordinarily permit the use of ex parte applications by the government or the defense for subpoenas seeking pretrial production of documents unless the sole purpose of seeking the documents is for use at trial." (Filing 153 at 10.) As noted in my earlier opinion (filing 153 at n. 6), I was fully aware of the Eighth Circuit's decision in *United States v. Hang*, 75 F.3d 1275, 1282 (8th Cir.1996) (holding that ex parte application for document production subpoenas for use at trial was permissible). As have other courts, I distinguish *Hang* because it related to subpoenas seeking document production for *use at trial*.[2] *See, e.g., United States v. Beckford*, 964 F.Supp. 1010, 1026 n. 17 (E.D.Va.1997); *State v. DiPrete*, 698 A.2d 223, 227 (R.I.1997).[3]

Second, as this case aptly illustrates, ex parte applications for document production subpoenas for use before trial create severe problems for the court when endeavoring to enforce the limits on discovery built into Rule 16(a)(2) & (d)(1) and also found in the substantive law. For example, *United States v. Armstrong*, 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996), which may be applicable here,[4] held that for a defendant to be entitled to discovery on the claim that he was singled out for prosecution on the basis of his race, he must make certain threshold showings. The court cannot easily assess whether such a showing has been made if it hears only the voice of the proponent. And, "once the cat is out of the bag,"[5] it is frequently too late to remedy the situation.

---

**1.** On August 8, 2003, I denied Defendant's motion insofar as it requested that the subpoenas issue ex parte, and I directed the clerk to provide a copy of filing 139 to the government, while keeping it under seal. (Filing 150.)

**2.** Although noting the broad language in the opinion, defense counsel candidly conceded during the hearing on this matter that *Hang* dealt only with an ex parte application for subpoenas seeking document production for use at trial.

**3.** The courts in these two cases, and I in my earlier opinion, also distinguished *United States v. Florack*, 838 F.Supp. 77 (W.D.N.Y.

1993), on this basis. Although *Florack* actually involved an ex parte application for issuance of a subpoena duces tecum in connection with a suppression hearing, the court treated the application as if it were seeking a subpoena for production of documents at trial. *See id.*, at 80 (noting this "critical difference" between *Florack* and *United States v. Urlacher*, 136 F.R.D. 550 (W.D.N.Y.1991)).

**4.** I assume that it is for the sake of argument.

**5.** Personally, I am a dog person. But, I recognize that keeping cats in bags is normally not a good thing. I strive not to be misunderstood.

In fact, this case presents an example of the problem. Through an earlier document production subpoena, considered ex parte by the magistrate judge, the defense obtained a confidential memorandum regarding what appears to be a personnel matter. In support of the pending request for another document production subpoena, the defense made the document public. While the court quickly sealed the document on its own motion after the court became aware of the filing, the damage was done. This is exactly the type of harm that flows from ex parte consideration of these types of motions.

Third, the parties have suggested that I outline procedures for handling similar motions seeking document production subpoenas for use before trial so that preparation of criminal cases will not be slowed. I am happy to do so, understanding that other Nebraska district judges may, of course, elect to follow other procedures. In general, here are my guidelines:

1. Assuming that it is not the extraordinary case where ex parte consideration may be justified (for example, as in a situation where there is a well-founded belief that the material may be destroyed if ex parte consideration is not granted), the lawyer seeking the document production subpoena for use before trial (the rules bind the government as well as the defense) should contact opposing counsel and seek a stipulation which not only addresses whether the documents should be produced but also appropriate protective orders.

2. If a stipulation is not possible, a motion, certifying the absence of agreement and reasons proffered by the other party for not agreeing, should be promptly filed. If expedited consideration is needed, such a request should be prominently set forth on the document. Under our normal progression order, the opposing party must respond in five days. If that time limit is too long, the magistrate judge can shorten it or take other measures to expedite consideration of the motion, such as by resolving the matter by phone. In this regard, I urge the magistrate judges on my cases to expedite consideration of such motions.

3. Without prejudice to a later evidentiary ruling, before granting the application, the magistrate judge should make a preliminary determination that the material sought is probably relevant, probably admissible, and specific enough that the request can be intelligently evaluated. The magistrate judge must also consider any other limits on discovery imposed by the law.

4. If the application is granted, the magistrate judge should in most cases require that the production itself take place in the presence of counsel for the parties, and the judge should issue an appropriate protective order regarding disclosure of the materials.

Fourth, I now make the preliminary determination that the material sought is probably relevant, probably admissible, and specific enough that the request can be intelligently evaluated. I base this on my review of the Nebraska State Patrol Supervisory Observation Form attached to filing 139 (which is now sealed). I also preliminarily decide that to the extent *United States v. Armstrong* is applicable, the defense has made the required showing sufficient to allow the access to the materials sought by the motion (filing 139).

Fifth, I will enter a protective order. I have also encouraged the parties to arrive at an agreement in this regard, and I will be happy to consider their proposal if one

is made. In this regard, I note that the government, without waiving its objection, has agreed to produce the sought after material without formal service of a subpoena. I appreciate the government's agreement since it will expedite the parties' preparation for a previously scheduled hearing on the defendant's pretrial racial profiling claim.

IT IS ORDERED that:

1. The government shall produce at its earliest convenience all records of Trooper Pelster's traffic stops in Troop A which Captain Jones reviewed to complete the July 25, 2003 meeting Captain Jones held with Trooper Pelster referenced in the Nebraska State Patrol Supervisory Observation Form attached to filing 139 and dated July 31, 2003. Given this order, the motion (Filing 139) is denied as moot.

2. The following protective order is entered: Until further order of the court, whether entered by the undersigned or by the magistrate judge, all documents that were previously produced by the Nebraska State Patrol pursuant to subpoenas issued in this case, and all documents that shall be produced pursuant to this order, shall be treated as confidential and their contents shall not be disclosed to the public or to the defendants themselves. All documents shall be produced in the presence of counsel at an agreed upon time and place.